David S. Sager
**DLA PIPER LLP (US)**
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey 07078-2704
Tel.: (973) 520-2550
Fax: (973) 520-2551
Email: david.sager@us.dlapiper.com

*Attorneys for Plaintiffs*
*Days Inns Worldwide, Inc., and*
*Wyndham Hotels & Resorts, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DAYS INNS WORLDWIDE, INC. and WYNDHAM HOTELS & RESORTS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> S&S AIRPORT HOTEL, LLC, TOM LIN, and FRED CHU, <br><br> Defendants. | HONORABLE <br> Civil Action No. 2:23-cv-3169 <br><br><br> **COMPLAINT** <br><br><br> Document Electronically Filed |

Plaintiffs Days Inns Worldwide, Inc. and Wyndham Hotels & Resorts, Inc., by their

attorneys, DLA Piper LLP (US), complaining of defendants S&S Airport Hotel, LLC, Tom Lin,

and Fred Chu, say:

**THE PARTIES**

1.      Plaintiff Days Inns Worldwide, Inc. ("DIW") is a Delaware corporation that

maintains a principal place of business in Parsippany, New Jersey.

2.      Plaintiff Wyndham Hotels & Resorts, Inc. ("WHR") is a Delaware corporation that

maintains a principal place of business in Parsippany, New Jersey.  WHR is the indirect, ultimate

parent entity of DIW.

1

3.      Upon information and belief, S&S Airport Hotel, LLC ("S&S") is an Ohio limited liability company with a principal place of business in Columbus, Ohio.  The members of S&S are Tom Lin, Lucy Lin, Arthur Lin, and Fred Chu.

4.      Upon information and belief, defendant Tom Lin is a natural person and a resident and citizen of Ohio.

5.      Upon information and belief, defendant Fred Chu is a natural person and a resident and citizen of Ohio.

6.      Upon information and belief, Lucy Lin and Arthur Lin are natural persons who reside in and are citizens of Ohio.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332, inasmuch as no plaintiff is a citizen of the same state as any defendant and the amount in controversy exceeds $75,000.

8.      This Court has personal jurisdiction over S&S by virtue of Section 17.6.3 of the July 30, 2012 Franchise Agreement between DIW and S&S (the "License Agreement"), pursuant to which S&S consented and waived objection to the personal jurisdiction of and venue in the "New Jersey state courts situated in Morris County, New Jersey and the United States District Court for the District of New Jersey for all cases and controversies under [the License] Agreement or between [DIW] and [S&S]."

9.      The Court has personal jurisdiction over Tom Lin and Fred Chu (collectively "Guarantors") pursuant to the terms of a Guaranty (the "Guaranty") executed by Guarantors whereby they acknowledged the application of Section 17 of the License Agreement.

10.     Venue is proper in this District pursuant to Section 17.6.3 of the License Agreement, in which the parties consented to venue in this District.

## ALLEGATIONS COMMON TO ALL COUNTS

11.     On July 30, 2012, DIW and S&S entered into the License Agreement for the operation of a 210-room Days Inn® guest lodging facility located at 750 Stelzer Road, Columbus, Ohio 43219 (the "Facility").

12.     Pursuant to Section 8.1 of the License Agreement, S&S agreed to indemnify DIW and its affiliates (defined as "Indemnitees") and hold them harmless "from and against all Losses and Expenses, incurred by any Indemnitee for any investigation, claim, action, suit, demand, administrative or alternative dispute resolution proceeding, relating to or arising out of any transaction, occurrence or service at, or involving the operation of, the Facility . . . ."

13.     Pursuant to Section 8.2 of the License Agreement, S&S agreed to "reimburse the Indemnitee for all costs of defending the matter[s], including reasonable attorneys' fees, incurred by the Indemnitee if your insurer or you do not assume defense of the Indemnitee promptly when requested, or separate counsel is appropriate, in our discretion, because of actual or potential conflicts of interest."

14.     The definition of "Indemnitees" in Appendix A of the License Agreement encompasses WHR, the ultimate parent company of DIW.

15.     Pursuant to Section 17.4 of the License Agreement, S&S agreed that "[t]he non-prevailing party will pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this [License] Agreement or collect amounts owed under this [License] Agreement."

16.     In conjunction with the License Agreement, Guarantors provided DIW with the Guaranty, pursuant to which Guarantors agreed, among other things, to "guaranty that [S&S]'s obligations under the Agreement … will be punctually paid and performed."

17.     On March 8, 2019, a plaintiff, proceeding by pseudonym, filed a lawsuit captioned *M.A. v. Inter-Continental Hotels, Inc., et al.,* No. 2:19-CV-0849 (S.D. Ohio) (the "Underlying Action") in which WHR was named as and remains a defendant.  The plaintiff in the Underlying Action alleges that she was a victim of human trafficking at various hotels, including the Facility, at various times "[f]rom approximately the spring of 2014 until August 2015."

18.     DIW and WHR did not own, operate, manage, or exercise (or have authority to exercise) day-to-day control over the Facility, including at any time during which the plaintiff in the Underlying Action alleges that she was the victim of human trafficking, and WHR has denied any liability in the Underlying Action.

19.     At all times relevant to the Underlying Action, S&S exercised day-to-day control over the management and operation of the Facility.

20.     DIW and WHR demanded indemnification from S&S for all fees, costs, and expenses incurred in the Underlying Action.  Despite these demands and its contractual obligation under the License Agreement, S&S has failed and refused to reimburse DIW and WHR for the fees, costs, or expenses that they have incurred to defend the Underlying Action.

21.     DIW and WHR have incurred "Losses and Expenses," including attorneys' fees and costs, in an amount in excess of $75,000 in defending against the Underlying Action. Additional costs continue to accrue as the Underlying Action progresses.

## COUNT I
### (CONTRACTUAL INDEMNIFICATION
### AGAINST S&S)

22.    DIW and WHR repeat and reallege the allegations contained in paragraphs 1–21 as if set forth at length herein.

23.    Pursuant to Sections 8.1 and 8.2 of the License Agreement, S&S is required to indemnify DIW and WHR for "all Losses and Expenses" incurred in the Underlying Action, including "all costs of defending the matter, including reasonable attorneys' fees. . . ."

24.    S&S has failed to indemnify DIW or WHR for any "Losses and Expenses" incurred in the Underlying Action or to agree to indemnify DIW or WHR for liability, if any, in the Underlying Action in breach of its obligations in the License Agreement.

## COUNT II
### (COMMON LAW/EQUITABLE INDEMNIFICATION
### AGAINST S&S)

25.    DIW and WHR repeat and reallege the allegations contained in paragraphs 1–21 as if set forth at length herein.

26.    DIW and WHR are entitled to recover from S&S for all fees and costs incurred by DIW and WHR in the Underlying Action and for any damages that may be awarded to plaintiffs in the Underlying Action that were caused by or resulted from the operation of the Facility.

## COUNT III
### (BREACH OF GUARANTY AGREEMENT BY GUARANTORS)

27.    DIW and WHR repeat and reallege the allegations contained in paragraphs 1–21 as if set forth at length herein.

28.    Pursuant to the Guaranty, the Guarantors, among other things, guaranteed that all obligations under the License Agreement would be punctually paid and performed and that, upon

breach of the Agreement, Guarantors would immediately make each payment and perform or cause S&S to perform each obligation under the License Agreement.

29.     Despite the obligation to do so under the Guaranty, Guarantors have failed to make any payments or to perform or cause S&S to perform the obligations to indemnify and hold DIW and WHR harmless.

**WHEREFORE**, based on the foregoing, DIW and WHR seek judgment in their favor and against S&S and the Guarantors for (i) contractual and/or equitable indemnification of all losses, expenses, fees, and costs that have been or may be incurred by DIW and/or WHR in the Underlying Action, (ii) a declaratory judgment that S&S is obligated to indemnify and hold DIW and WHR harmless for any liability that may be incurred in the Underlying Action, and (iii) costs, attorneys' fees, interest, and such other relief as the Court deems just and appropriate.


Dated:  June 9, 2023

/s/ *David S. Sager*
David S. Sager
**DLA PIPER LLP (US)**
51 John F. Kennedy Parkway - Suite 120
Short Hills, New Jersey 07078
Tel.: (973) 520-2570
david.sager@us.dlapiper.com

*Attorneys for Plaintiffs*
*Days Inns Worldwide, Inc.,*
*and Wyndham Hotels & Resorts, Inc.*

## **CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

I certify that, to the best of my knowledge, this matter is not the subject of any other action

pending in any court or of any pending arbitration or administrative proceeding except *M.A. v.*

*Wyndham Hotels & Resorts, Inc., et al.,* No. 2:19-CV-0849 (S.D. Ohio).

Dated:  June 9, 2023                                          /s/ *David S. Sager*
                                                                        David S. Sager