UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Days Inns Worldwide Inc., et al.,<br><br>　　　　　*Plaintiffs*,<br><br>　v.<br><br>S&S Airport Hotel, LLC, et al.,<br><br>　　　　　*Defendants*. | Civil Action No. 23-3169 (MEF)(JRA)<br><br>**OPINION and ORDER** |

For the purposes of this brief Opinion and Order, the Court assumes full familiarity with the allegations and procedural history of this case.

　　　　　　　*　　*　　*

By this lawsuit, the Plaintiffs seek indemnification from the Defendants in connection with a case against one of the Plaintiffs in the Southern District of Ohio. See Complaint ¶¶ 17, 23-24, 26.

The Defendants have now filed a motion to transfer this case to the Southern District of Ohio. See Motion to Transfer (Docket Entry 24).

The motion is denied.

　　　　　　　*　　*　　*

Neither party argues venue is improper in New Jersey. Accordingly, 28 U.S.C. § 1404(a) controls the transfer analysis. See generally Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995); Beychok v. Baffert, 2024 WL 685551, at *3 (D.N.J. Feb. 20, 2024).

"The burden of establishing the need for [a 28 U.S.C. § 1404(a)] transfer . . . rests with the movant." Jumara, 55 F.3d at 879.

To assess whether this burden has been carried, the analysis is in two steps. See generally Beychock, 2024 WL 685551, at *4; Care One, LLC v. Nat'l Labor Relations Board, 2023 WL 4156859, at *1 (D.N.J. June 23, 2023); Interlink Prods. Int'l, Inc. v. Crowfoot, 2020 WL 6707946, at *6 (D.N.J. Nov. 16, 2020) (citing Shutte v. Armco Steel Corp., 431 F.2d 22, 24 (3d Cir. 1970)).

First, the Court determines whether the potential transferee forum (here, the Southern District of Ohio) is one where the action "'might have been brought.'" Jumara, 55 F.3d at 879 (quoting 28 U.S.C. § 1404(a)).

None of the parties suggest this case could not have been brought in Ohio.

Accordingly, the Court moves to the second step of the analysis --- determining "whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." Jumara, 55 F.3d at 879 (cleaned up).

Twelve factors are generally considered in this analysis. They are taken up below, each in turn.

\*   \*   \*

The first factor: where the Plaintiffs chose to sue. See id.

This choice should not be lightly pushed aside. See id.; Beychock, 2024 WL 685551, at *8; Care One, LLC, 2023 WL 4156859, at *2.

Here, it weighs strongly. This is because the Plaintiffs' choice to sue in New Jersey was hardly a random act. The Plaintiffs are each New Jersey-headquartered corporations.[1] See

---

[1] See, e.g., Coyoy v. United States, 526 F. Supp. 3d 30, 45 (D.N.J. 2021) (the plaintiff's choice of where to sue "is entitled to greater deference when a plaintiff chooses her home forum") (cleaned up); Weichert Real Estate Affiliates, Inc. v. CKM16, Inc., 2018 WL 652331, at *7 n.4 (D.N.J. Jan. 31, 2018) ("a plaintiff's choice of venue is generally entitled to substantial deference, especially when it files suit in its home forum"); Mictrotel Inns & Suites Franchising, Inc. v. Presidential Hosp., LLC, 2018 WL 1221160, at *3 (D.N.J. Mar. 8,

2

Memorandum in Opposition at 9. The contract that contains the relevant indemnification agreement is to be interpreted under New Jersey law. See id. at 9-10; Franchise Agreement § 17.6.1. And the referenced contract includes a permissive forum selection clause for New Jersey. See Franchise Agreement § 17.6.3.

The first factor, in short, favors keeping this case in New Jersey.

\*   \*   \*

The second factor is the Defendants' preference. See Jumara, 55 F.3d at 879; Beychock, 2024 WL 685551, at \*8; Care One, LLC, 2023 WL 4156859, at \*3.

A defendant's preference for a particular forum does not usually get much weight in a transfer analysis. See, e.g., N. Am. Commc'ns, Inc. v. Eclipse Acqui Inc., 2018 WL 651795, at \*6 n.10 (W.D. Pa. Jan. 31, 2018); Leatherman v. Cabot Oil & Gas Corp., 2013 WL 1285491, \*3 (E.D. Pa. 2013); Coppola v. Ferrellgas, Inc., 250 F.R.D. 195, 198 (E.D. Pa. 2008).

And less so here, where the Defendants agreed to a permissive forum selection clause for New Jersey. See Hewlett-Packard Fin. Servs. Co. v. New Testament Baptist Church, 2019 WL 3800234, at \*5 (D.N.J. Aug. 13, 2019) (holding that even though the defendant asserted it preferred to litigate elsewhere, the permissive forum selection clause weighed against this preference, and ultimately against transfer); Network Commc'ns, Corp. v. Croatia Airlines, D.D., 2014 WL 4724625, at \*5 (D.N.J. Sept. 23, 2014) (noting it is appropriate to give less weight to a party's preferred forum where it entered a forum selection clause agreeing to venue elsewhere); see generally Jumara, 55 F.3d at 880 ("a forum selection clause is treated as a manifestation of the parties' preferences as to a convenient forum").

---

2018) ("When a plaintiff chooses a home forum, its choice of venue is entitled to greater deference. Because Microtel is headquartered in Parsippany, New Jersey and chose New Jersey as its venue, its choice should not be lightly disturbed.") (cleaned up); Linwood Trading LTD v. Am. Metal Recycling Sers., 2015 WL 5098117, at \*2-3 (D.N.J. Aug. 28, 2015) (similar); Novartis v. Millercoors LLC, 2015 WL 6407837, at \*2 (D.N.J. Oct. 20, 2015) (similar).

3

\*   \*   \*

The third factor is whether the claim arose in the proposed transferee forum. See Beychock, 2024 WL 685551, at \*10; Care One, LLC, 2023 WL 4156859, at \*4.

The alleged events giving rise to the Ohio lawsuit arose in Ohio. And those events are relevant here to a degree --- they triggered the knock-on indemnification dispute now before the Court.

But the center of gravity of the indemnification dispute is not Ohio. Rather, it is neatly split --- between Ohio (where the alleged indemnitors are based) and New Jersey (where the alleged indemnitees are based).

Accordingly, the third factor does not add weight to the balance scale, on either the New Jersey side or the Ohio side.

\*   \*   \*

The fourth, fifth, and sixth factors all relate to the convenience of the parties and the litigation. See Beychock, 2024 WL 685551, at \*10; Care One, LLC, 2023 WL 4156859, at \*4.

The Defendants are based in Ohio and invoke their convenience. See Motion to Transfer at 15. And they argue that witnesses related to the Ohio case are located there. See id. at 16.

But this does not move the needle.

Ohio may be more convenient for the Defendants. But the Plaintiffs each have their headquarters in New Jersey. See Memorandum in Opposition at 9. Their convenience counts, too.

Moreover, as noted above, the parties agreed to a permissive forum selection clause in New Jersey. And "the existence of a forum selection clause of any kind significantly undercuts any argument that the preselected forum is inconvenient for the parties or their witnesses." Radian Gaur., Inc. v. Bolen, 18 F. Supp. 3d 635, 651 (E.D. Pa. 2014); see also Becton, Dickinson & Co. v. Medline Indus., Inc., 2022 WL 2383722, at \*5 (D.N.J. Apr. 28, 2022); AAMCO Transmissions, Inc. v. Romano, 42 F. Supp. 3d 700, 713 (E.D. Pa. 2014); see generally Jumara, 55 F.3d at 880 ("a forum selection clause is treated as a manifestation of the parties' preferences as to a convenient forum").

4

As to witnesses, the Defendants do not specifically identify any who would be inconvenienced by court proceedings in New Jersey.[2]

In short: the fourth, fifth, and sixth factors do not lean in favor of transfer.

\* \* \*

The seventh factor: whether any judgment that might be entered is more readily enforceable in one jurisdiction or another. See Beychock, 2024 WL 685551, at *11; Care One, LLC, 2023 WL 4156859, at *5.

This factor does not tilt toward transfer, because there is no reason to think a judgement might be easier to enforce in Ohio.

\* \* \*

The eighth factor zeroes in on "practical considerations that could make the trial easy, expeditious, or inexpensive[.]" Jumara, 55 F.3d at 879; see also Beychock, 2024 WL 685551, at *11; Care One, LLC, 2023 WL 4156859, at *5. This factor is concerned with judicial economy and the overarching interests of justice. See In re: Howmedica Osteonics Corp, 867 F.3d 390, 402 n.7 (3d Cir. 2017); Lawrence v. Xerox Corp., 56 F. Supp. 2d 442, 455 (D.N.J. 1999); U.S. Fire Ins. Co. v. World Trucking, Inc., 2008 WL 413310, at *2 (D.N.J. Feb. 13, 2008) (citing Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 26 (1960)).

The Defendants' motion to transfer was filed seven months after this lawsuit was itself initiated --- and when the motion was filed, fact discovery was around three weeks away from being wrapped up. See First Amended Scheduling Order (December 14, 2023).

---

[2] In a closely-related vein, the Defendants argue that some witnesses may be beyond the Court's subpoena power if the case goes forward in New Jersey. But without any specification, this argument is not persuasive. See Magnacross LLC v. GE MDS LLC, 2020 WL 6581530, at *7 (D. Del. Nov. 10, 2020) (holding the court's lack of subpoena power did not weigh in favor of transfer when the party identified only one potential witness outside of the state, and "there [was] no evidence in the record that this witness would not appear for trial without a subpoena").

5

Moreover, by the time the motion to transfer was filed, United States Magistrate Judge Almonte had entered a number of orders and held various proceedings with the parties. See Docket Entries 11, 14, 18, 22.

The cause of efficient dispute resolution and the broader interests of justice are not advanced by granting a motion to transfer that was made as late in the day as this one.

\* \* \*

The ninth factor: "the relative administrative difficulty in the two fora resulting from court congestion." Jumara, 55 F.3d at 879; see also Beychock, 2024 WL 685551, at \*13; Care One, LLC, 2023 WL 4156859, at \*6.

No argument is meaningfully developed as to this factor. See Motion to Transfer at 18.

\* \* \*

Take together the tenth factor, the local interest in deciding local controversies, and the eleventh, the public policies of the relevant fora. See Beychock, 2024 WL 685551, at \*13; Care One, LLC, 2023 WL 4156859, at \*7.

As to these, the Defendants argue that Ohio has a strong interest in the underlying case, which focuses on human trafficking. See Motion to Transfer at 18. That is surely true.

But the case here is about indemnification, see Complaint ¶¶ 22-24, 27-29, and the Defendants make no strong argument as to why Ohio has a greater interest in resolving the indemnification dispute than New Jersey. Indeed, any indemnification decision would seem to have an equal effect in both New Jersey and Ohio, where, respectively, the alleged indemnitees and the alleged indemnitors are based. See Motion to Transfer at 15; Memorandum in Opposition at 9.

\* \* \*

The twelfth factor is "the familiarity of the trial judge with the applicable state law in diversity cases." Jumara, 55 F.3d at 879-80; see also Beychock, 2024 WL 685551, at \*13; Care One, LLC, 2023 WL 4156859, at \*7.

This is a diversity case, see Complaint ¶ 7, and the indemnification agreement is governed by New Jersey law. See

6

Memorandum in Opposition at 9, 10; Franchise Agreement § 17.6.1. The Court here is routinely called on to apply New Jersey law and is "familiar[]" with it.

\* \* \*

In the final analysis, the Court has wide discretion in this context, see, e.g., Tekno Prods., Inc. v. Glove Trends Inc., 2019 WL 7184544, at *10 (D.N.J. Dec. 26, 2019); Vayn v. Schaen, 2016 WL 4211838, at *2 (D.N.J. Aug. 9, 2016), and exercises it to deny the motion to transfer.

The Defendants bear the burden on the motion, see Jumara, 55 F.3d at 879, and they have not carried it.

As set out above, most of the Jumara factors that are relevant here weigh against transfer.

And this is not surprising. This is a case with a strong set of ties to New Jersey --- the Plaintiffs are headquartered here, the underlying contract requires application of New Jersey law, and the parties agreed to a permissive New Jersey forum selection clause. Moreover, the cause of orderly administration of justice would not be served by granting a transfer request made seven months after this case got underway and just three weeks before the close of New Jersey fact discovery.

The Plaintiffs chose to sue in New Jersey. That choice is entitled to "paramount" weight, Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3rd Cir. 1970), and the Defendants have not carried their burden of showing why it should be pushed aside.

The motion to transfer is denied.

It is on this 15th day of April, 2024 **SO ORDERED.**

_____
Michael E. Farbiarz, U.S.D.J.

7