**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| DAYS INNS WORLDWIDE, INC. and WYNDHAM HOTELS & RESORTS, INC., | No. 23-cv-3169 (MEF)(JRA) |
| *Plaintiffs,* | **OPINION and ORDER** |
| v. | |
| MGH HOSPITALITY, LTD, YONG HWANG, and GRACE HWANG. | |
| *Defendants.* | |

\*     \*     \*

For the purposes of this brief Opinion and Order, the Court largely assumes familiarity with the facts and procedural history of this case.

\*     \*     \*

The relevant facts in a nutshell.

In 2009, one entity[1] and another entity[2] entered into an agreement. <u>See</u> Statement of Material Facts ("Defendants' SOMF") (ECF 70-9) ¶ 1; Wyndham Plaintiffs' Response to the MGH Defendants' Statement of Material Facts in Support of Summary Judgment ("Plaintiffs' SOMF") (ECF 82-2) ¶ 1.[3]

---

[1]  Days Inns Worldwide, Inc.

[2]  MGH Hospitality, Ltd.

[3]  The agreement was labeled a franchise agreement, and it appears that the entities were a franchisor and a franchisee. <u>See</u> Days Inns Worldwide, Inc. Franchise Agreement ("Franchise Agreement") (ECF 70-2).

Under the agreement, one of the two entities[4] was to operate a hotel.  <u>See</u> Defendants' SOMF ¶ 5; Plaintiffs' SOMF ¶ 5.

After the agreement was inked, the parent company[5] of one of the parties to the agreement was sued --- twice, each time in connection with allegations of sex-trafficking at the hotel. <u>See</u> Defendants' SOMF ¶¶ 6-8, 12-14; Plaintiffs' SOMF ¶¶ 6-8, 12-14.

*    *    *

In light of the above, this lawsuit was filed by the just-referenced parent company and the entity it sits over.  They are called "the Plaintiffs."

The Plaintiffs sued the hotel operator,[6] plus two individuals.[7] The operator and the individuals are together called "the Defendants."[8]

The gist of the Plaintiffs' claim in this lawsuit: under a provision in the above-referenced agreement, the Defendants are required to make certain indemnification payments in connection with the sex-trafficking lawsuits.  <u>See</u> Complaint ¶¶ 10-15, 20-24, <u>Days Inns Worldwide, Inc.</u> v. <u>MGH Hospitality, Ltd.</u> (D.N.J. June 26, 2023) (No. 23-3451) (ECF 1).

*    *    *

The Defendants have now moved for summary judgment.  <u>See</u> Notice of Motion for Summary Judgment (ECF 70).

They press one argument --- that because of a carveout in the indemnity provision, they do not have to pay the Plaintiffs. <u>See</u> Memorandum of Law in Support of Motion (ECF 70-8) at 2-12.

---

[4]  MGH Hospitality, Ltd.

[5]  Wyndham Hotels & Resorts, Inc.

[6]  Recall: MGH Hospitality, Ltd.

[7]  Yong Hwang and Grace Hwang.

[8]  A quick note.  Different individuals are listed as defendants in the complaint on this docket.  <u>See</u> Complaint (ECF 1) ¶¶ 3-6. That is because this dispute was consolidated several, related matters.  <u>See</u> Consent Order for Consolidation (ECF 49).

2

The Defendants' argument is not persuasive, as explained below. Therefore, their motion must be denied.

\*    \*    \*

Per the relevant indemnity provision:

> [The hotel operator-Defendant] ha[s] no obligation to indemnify [the franchisor-Plaintiff] . . . if a court of competent jurisdiction makes a final decision not subject to further appeal that the [franchisor-Plaintiff] engaged in willful misconduct or intentionally caused . . . property damage or bodily injury.

Defendants' SOMF ¶ 3 (quoting Franchise Agreement) (ECF 70-2); Plaintiffs' SOMF ¶ 3 (same).

Under New Jersey law,[9] "an indemnity provision is to be construed in accordance with the rules for construction of contracts generally." Mantilla v. NC Mall Assocs., 167 N.J. 262, 272 (2001). And "when 'the language of a contract is plain and capable of legal construction, the language alone must determine the agreement's force and effect.'" Ringel v. BR Lakewood, LLC, 2022 WL 11425451, at *4 (N.J. Super. Ct. App. Div. Oct. 20, 2022) (quoting Cypress Point Condo. Ass'n v. Adria Towers, L.L.C, 226 N.J. 403, 415 (2016)).

Here, the language of the quoted indemnity provision is "plain." Cypress Point Condo. Ass'n, 226 N.J. at 415. And its meaning is clear. Namely, the carveout to the indemnification obligation applies only if "a court of competent jurisdiction makes a final decision not subject to further appeal that the [franchisor-Plaintiff] engaged in [certain] []conduct." Defendants' SOMF ¶ 3 (quoting Franchise Agreement); Plaintiffs' SOMF ¶ 3 (same); see also Brief of Plaintiffs Days Inns Worldwide, Inc., Super 8 Worldwide, Inc., and Wyndham Hotels & Resorts, Inc. in Opposition to Defendants' Motions for Summary Judgment (ECF 82) at 11.

---

[9] Which controls. See Franchise Agreement § 17.6.1, at 21.

But the Defendants[10] have pointed to no "final decision" that has been "ma[de]" by "a court of competent jurisdiction" as to whether the Plaintiffs "engaged in [the referenced] []conduct."

So the carveout can have no bearing here.  And the Defendants' summary judgment motion at ECF 70, which rests entirely on the purported implications of the carveout, must therefore be denied.

*     *     *

It is on this 13th day of May, 2026 **SO ORDERED**.

_____<br>Michael E. Farbiarz, U.S.D.J.

---

[10]  Who have the burden.  See Shields v. Zuccarini, 254 F.3d 476, 481 (3d Cir. 2001).