UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAYS INNS WORLDWIDE, INC. and
WYNDHAM HOTELS & RESORTS, INC.,

          Plaintiffs,

     v.

S&S AIRPORT HOTEL, LLC, TOM LIN,
and FRED CHU,

          Defendants.

No. 23-cv-3169 (MEF)(JRA)


OPINION and ORDER


                    *     *     *

For the purposes of this brief Opinion and Order, the Court largely assumes familiarity with the facts and procedural history of this case.

                    *     *     *

In 2012, one entity[1] and another entity[2] signed on to an agreement.  See Statement of Undisputed Material Facts ("Defendants' SOMF") (ECF 73-10) ¶ 4; Wyndham Plaintiffs' Response to the S&S Defendants' Statement of Undisputed Material Facts in Support of Summary Judgment ("Plaintiffs' SOMF") (ECF 82-4) ¶ 4; see also Motion for Summary Judgment, Exhibit C ("Franchise Agreement") (ECF 73-4).

Under the agreement, one of the entities[3] was to operate a hotel. See Defendants' SOMF ¶¶ 3-4; Plaintiffs' SOMF ¶¶ 3-4; see also

---

[1]  Days Inns Worldwide, Inc.

[2]  S&S Airport Hotel, LLC.

[3]  S&S Airport Hotel, LLC.

Complaint (ECF 1) ¶ 11; Answer and Affirmative Defenses (ECF 10) ¶ 11.

About seven years after the agreement was executed, the parent company[4] of one of the parties to the agreement[5] was sued; the suit concerned alleged sex-trafficking at the hotel.  See Defendants' SOMF ¶¶ 16-26, 46; Plaintiffs' SOMF ¶¶ 16-26, 46.

\*     \*     \*

In light of the above, this case was filed by (i) the parent company[6] and (ii) the party to the agreement[7] it sits over.  They are together called "the Plaintiffs."

The Plaintiffs sued (i) the hotel operator,[8] plus (ii) two individuals.[9]  The operator and the individuals are together called "the Defendants."

The Plaintiffs' claim: under the referenced agreement, the Defendants are required to make indemnification payments for lawyers' fees and costs associated with the sex-trafficking lawsuit.  See Complaint ¶¶ 11-24.

The Defendants have now moved for summary judgment.  See Notice of Motion for Summary Judgment (ECF 73).

The motion is denied.

\*     \*     \*

The indemnification provision determines the parties' responsibilities.  See Days Inns Worldwide, Inc. v. MGH Hosp., Ltd., 2026 WL 1329449, at \*1-2 (D.N.J. May 13, 2026).  And at first glance, it seems to require indemnification.

> [The hotel operator-Defendant] will indemnify, defend, and
> hold the Indemnitees harmless . . . from and against all
> [l]osses and [e]xpenses, incurred by the Indemnitees for

---

[4]   Wyndham Hotels & Resorts, Inc.

[5]   Days Inns Worldwide, Inc.

[6]   Wyndham Hotels & Resorts, Inc.

[7]   Days Inns Worldwide, Inc.

[8]   S&S Airport Hotel, LLC.

[9]   Tom Lin and Fred Chu.

2

> any . . . suit . . . relating to or arising out of any . . . occurrence . . . at . . . the [hotel.]

Franchise Agreement § 8.1, at 11–12.[10]

The plaintiff in the underlying lawsuit alleges that she was trafficked at the hotel. See Defendants' SOMF ¶ 16; Plaintiffs' SOMF ¶ 16. So it would seem that her "suit" counts as "arising out of an[] . . . occurrence . . . at . . . the [hotel]."

\* \* \*

Against this, the Defendants press two counterarguments, and seek summary judgment based on them. But neither counterargument works.

\* \* \*

First, the Defendants invoke the agreement's indemnification carve-out for "willful misconduct." See Defendants, S&S Airport Hotel, LLC, Tom Lin, and Fred Chu's, Memorandum in Support of their Motion for Summary Judgment ("Defendants' Brief") (ECF 73-7) at 9–14.

But per the agreement, the carve-out only applies after "a court of competent jurisdiction" has made a "final decision not subject to further appeal" as to willful misconduct. See Franchise Agreement § 8.1, at 11; see also MGH Hosp., 2026 WL 1329449, at *2. The Defendants have pointed to no such judicial decision here. See id.[11]

---

[10] The agreement defines "Indemnitees" to include, as relevant here, the Plaintiffs here --- the party to agreement and its parent company. See Franchise Agreement at 28.

[11] The Defendants contend that the "final decision" part of the indemnification carve-out has no bearing here because the underlying case was settled --- so there was no need for a judicial determination as to willful misconduct. But this argument was only meaningfully raised in the reply brief. See Defendants S&S Airport Hotel, LLC, Tom Lin, and Fred Chu's Reply to Plaintiff's Opposition to S&S Defendants' Motion for Summary Judgment (ECF 90) at 6–7. So the Court will not consider it here. See Specht v. Suarez, 798 F. Supp. 3d 485, 501 n.18 (D.N.J. 2025) (collecting cases). And in any event, the Defendants do too little to advance this argument. They cite no cases that meaningfully support it, or any part of the agreement

3

\*    \*    \*

<u>Second</u>, the Defendants contend that there is no indemnification obligation here because the hotel operator-Defendant did not violate the federal statute cited in the underlying sex-trafficking lawsuit.  <u>See</u> Defendants' Brief at 14–18.

But the indemnification obligation here flows from the part of the agreement block-quoted above.  And as is apparent from that language, the indemnification obligation does not purport to turn on whether there has or has not been a violation of a statute.

\*    \*    \*

The motion for summary judgment at ECF 73 is denied.

It is on this 1st day of June, 2026 **SO ORDERED.**

_____
Michael E. Farbiarz, U.S.D.J.

_____

that backs it up.  They have not carried their burden.  <u>See</u> <u>Shields</u> v. <u>Zuccarini</u>, 254 F.3d 476, 481 (3d Cir. 2001).